***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAVID J. PHILLIPS, | : | |
| Petitioner, | : | Civil Action No. 14-4933 (MAS) |
| v. | : | OPINION |
| PATRICK A. NOGAN, et al., | : | |
| Respondents. | : | |

**SHIPP, District Judge:**

Petitioner David J. Phillips ("Petitioner"), confined at East Jersey State Prison in Rahway, New Jersey, files the instant Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254, challenging a sentence imposed by the State of New Jersey for aggravated sexual assault and endangering the welfare of a child. For reasons stated below, the Court denies the Petition.

**I.     FACTUAL BACKGROUND**

The Court recites only those facts relevant to this Opinion. Petitioner was convicted and sentenced by the State of New Jersey for aggravated sexual assault, sexual assault, endangering the welfare of a child, and criminal sexual contact on February 3, 2006, after a jury trial. (ECF No. 1 at 2-3.) An appeal was filed challenging the conviction and sentence, and they were affirmed on July 9, 2007. *Id.* at 3. Certification was denied by the New Jersey Supreme Court on October 4, 2007. *Id.*

Thereafter, on October 26, 2007, Petitioner filed for post-conviction relief ("PCR"). *Id.* at 4. Petitioner's request for PCR was denied on August 20, 2008. *Id.* An appeal from the PCR

denial was filed out-of-time on June 10, 2009, *id.* at 5, which Petitioner claims was due to the failure of his counsel. The denial of PCR was affirmed on April 2, 2013, and the New Jersey Supreme Court denied certification on October 18, 2013. *Id.* at 5-6. On August 4, 2014, Petitioner filed the instant Petition.

## II. DISCUSSION

### A. Statutory Tolling

Title 28, Section 2244 of the U.S. Code requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In most cases and in this particular case, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Based on the statutory language, the Supreme Court held that even when a defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the AEDPA one-year limitations period starts to run when the time for seeking such review expires. *Gonzalez v. Thaler*, 132 S.Ct. 641, 653 (2012); *Clay v. U.S.*, 537 U.S. 522, 532 (2003); *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1, 2009) (citing *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n. 1 (3d Cir. 1999)) (holding that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court").

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, while a valid state post-conviction review is pending, the one-year limitation is tolled. This

tolling does not include any petition for writ of certiorari in the United States Supreme Court for review of a denial of post-conviction relief. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)). Overall, "AEDPA's limitation period 'does not set forth an inflexible rule requiring dismissal whenever its clock has run.'" *Id.* at 84-85 (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Rather, the limitations period is subject to both statutory and equitable tolling. *Id.* at 85. If a denial of post-conviction relief is appealable in state court but an appeal was not filed, statutory tolling includes "the time during which an appeal could be filed even if the appeal is not eventually filed." *Swartz*, 204 F.3d at 424 (3d Cir. 2000). However, if an out-of-time appeal is filed, even if the appeal is accepted as properly filed by the state appeals court, statutory tolling does not include the period between the expiration of timely appeal and when the appeal was actually filed. *Id.* at 423 n.6 ("We . . . agree that the time during which Swartz's nunc pro tunc request for allowance of appeal was pending does not toll the statute of limitation").

Here, Respondents argue that the Petition is time-barred by AEDPA's statute of limitations. The Court agrees. Petitioner's conviction and sentence was final, for the purposes of AEDPA's statute of limitations, 90 days after the New Jersey Supreme Court denied certification on his direct appeal, which was January 2, 2008. Petitioner filed for PCR on October 26, 2007, before his AEDPA one-year period began, so his entire one-year period was tolled during the pendency of his PCR review. His PCR application was denied on August 20, 2008, and no timely appeal was filed. This means that his statutory tolling under AEDPA ended at the expiration of his time to appeal the trial court's PCR decision, which was 45 days after the denial – October 4, 2008. *See* N.J. Court Rules, R. 2:4-4(a); *Lombardi v. Masso*, 207 N.J. 517, 540-41 (2011).

3

As such, his one-year limitations period began to run on October 4, 2008, until when he finally filed his notice of appeal on June 10, 2009, for a period of 249 days. Assuming that the appeal was accepted by the state court as properly filed, the one-year limitations period was tolled again, until the New Jersey Supreme Court denied certification on October 18, 2013. *See Gibbs v. Bartkowski*, No. 13-2242, 2015 WL 1881061 (3d Cir. Apr. 17, 2015). At that point, Petitioner had 116 days, or until February 11, 2014, to file a timely habeas petition with this Court. The Petition was not filed until August 4, 2014. As such, the Petition is statutorily time-barred.

## B. Equitable Tolling

Even if the statutory time bar has passed, Petitioner may overcome that limitation if he can show a basis for equitable tolling. *Gibbs*, 2009 WL 1307449 at *3; *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citations omitted). "Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Gibbs*, 2009 WL 1307449, at *3 (internal citations omitted).

"The diligence required for equitable tolling purposes is reasonable diligence." *Ross*, 712 F.3d at 799. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Id.* "The fact that a petitioner is proceeding pro se does not insulate him from the

4

'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 800.

Here, Petitioner argues that he is entitled to equitable tolling because he had instructed his attorney to file a timely notice of appeal, but his attorney failed to timely file. The record shows that Petitioner was represented by a private attorney for his initial PCR review. (ECF No. 7 at 27.) For reasons not explained, on September 30, 2008, Petitioner decided to reach out to the Office of the Public Defender ("OPD") to represent him on appeal, mere days before his 45-day period to timely appeal would expire. *Id.* As to be expected, it took several months for the OPD to have Petitioner qualified for its services. *Id.* As such, the OPD cannot be blamed for the delay in filing the appeal; that delay was caused by Petitioner's decision to change counsel.

Of course, the Court is not suggesting that Petitioner did not have a right to change counsel or seek assistance from the OPD. However, Petitioner does not have a constitutional right to representation during his PCR process. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Therefore, while Petitioner was attempting to secure representation for his appeal, Petitioner had an independent obligation to ensure that his rights were timely and properly asserted; Petitioner's lack of representation was not an excuse not to file a timely appeal and toll his AEDPA statute of limitations. *See Robins v. Bimbo Foods Bakeries Distribution, Inc.*, No. 12-5392, 2013 WL 5803783, at *8 (E.D. Pa. Oct. 28, 2013) ("An inability to find an attorney does not constitute an extraordinary circumstance excusing Plaintiff's failure to timely assert his rights"); *Horne v. Tennis*, No. 09-1562, 2010 WL 5621416, at *3 (E.D. Pa. May 28, 2010) ("[W]e do not agree that the failure of the Federal Defender's Office to respond to petitioner's requests for assistance is an 'extraordinary circumstance' in contemplation of equitable tolling").

Furthermore, Petitioner's lack of counsel did not prevent him from filing a *pro se* notice of appeal. Indeed, the record shows that Petitioner did attempt to do so. (ECF No. 7 at 23.) On November 12, 2008, the Clerk of the Superior Court of New Jersey, Appellate Division, rejected the filing for failure to submit the proper filing fee and other form deficiencies. *Id.* The letter further stated that "[p]lease note that as of the above date nothing has been filed on your behalf." *Id.* The letter went on to state that Petitioner had ten days to cure the deficiencies, and the appeal will be deemed filed as of the original received date. *Id.* Consequently, even months after his PCR application was initially denied, the state court still gave Petitioner a chance to perfect his appeal and would have considered the appeal as timely. Yet, no further record indicates that Petitioner attempted to cure the deficiencies.

Finally, Petitioner also appears to argue simultaneously that it was his original PCR counsel's error for not having filed an appeal on his behalf. When a petitioner is represented by counsel, factors to consider in the diligence inquiry for equitable tolling purposes include: (1) whether the petitioner hired an attorney to file the petition; (2) whether the petitioner contacted the attorney prior to the filing deadline; and (3) whether the petitioner consistently called the attorney to monitor the status of his case. *Fogg v. Carroll*, 465 F. Supp. 2d 336, 345 (D. Del. 2006) (citing *Schlueter v. Varner*, 384 F.3d 69, 83 (3d Cir. 2004)).

Here, with regard to whether Petitioner hired an attorney for his appeal, as stated above, it is unclear whether Petitioner's original PCR counsel had even agreed to represent Petitioner on appeal; the record appears to indicate otherwise, in light of the fact that Petitioner reached out to the OPD mere days before his appeal was due, and Petitioner's unsuccessful attempt to file his own Notice of Appeal. With regard to whether Petitioner contacted the attorney prior to the filing deadline, Petitioner asserts that he signed a notice of right to appeal form in the presence of the

PCR counsel, and thus he "had a reasonable expectation to believe that [counsel], a licensed lawyer in the State of New Jersey . . . would complete the transmittal form . . . so it would 'trigger' the timely filing of a notice of appeal on behalf of the Petitioner." (ECF No. 7 at 3-4.) Nowhere did Petitioner assert that he expressly informed the PCR counsel of his explicit wishes to appeal.

Lastly but most importantly, the record is devoid of evidence that Petitioner subsequently exercised due diligence and monitored the status of his case with the PCR counsel. Instead, as stated above, Petitioner seemed to have concluded that his private PCR counsel did not agree to represent him on appeal, and all of the correspondences submitted by Petitioner to support equitable tolling were correspondences with the OPD, which at that time had not even agreed to represent Petitioner. As such, Petitioner cannot blame the untimely filing of his appeal on the failure of PCR counsel, because by reaching out to the OPD before the deadline to appeal, it appears Petitioner did not even consider his PCR counsel to still represent him in connection with the appeal.[1]

The Court further notes that despite the lateness of Petitioner's appeal on PCR, at the conclusion of that appeal, Petitioner still had 116 days to file his federal habeas petition after exhausting state remedies. Petitioner offers no explanation as to why he could not have filed his Petition within that time period. *See Lewis v. Phelps*, 672 F. Supp. 2d 669, 674 (D. Del. 2009);

---

[1] Even if assuming that the PCR counsel agreed to represent Petitioner on appeal and simply failed to file a timely appeal, hence compelling Petitioner to seek new counsel, that reason is insufficient to grant equitable tolling. *See Fahy*, 240 F.3d at 244 ("In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling"); *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) ("Lawrence argues that his counsel's mistake . . . entitles him to equitable tolling. If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel").

*Ayers v. Phelps*, 723 F. Supp. 2d 718, 722 (D. Del. 2010) ("[A] petitioner's lack of legal knowledge or miscalculation regarding the one-year filing period does not constitute an extraordinary circumstance triggering equitable tolling"); *Covert v. Tennis*, No. 06-421, 2008 WL 4861449, at *5 (M.D. Pa. Nov. 7, 2008) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing"). Accordingly, the Court finds that equitable tolling is not warranted, and the Petition is time-barred by AEDPA.

### C. Certificate of Appealability

Finally, the Court denies a certificate of appealability. AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition is correct.

### III. CONCLUSION

For the reasons set forth above, the Petition is DISMISSED as time-barred.

/s/ Michael A. Shipp
Michael A. Shipp, U.S.D.J.

Dated: 5/4/15