**\*NOT FOR PUBLICATION\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID J. PHILLIPS, | |
| Petitioner, | Civil Action No. 14-4933 (MAS) |
| v. | OPINION |
| PATRICK A. NOGAN, et al., | |
| Respondents. | |

**SHIPP, District Judge:**

Petitioner David J. Phillips ("Petitioner"), confined at East Jersey State Prison in Rahway, New Jersey, filed the instant Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254, challenging a sentence imposed by the State of New Jersey for aggravated sexual assault and endangering the welfare of a child. On May 4, 2015, the Court denied the Petition as time-barred. (*See* Op., May 4, 2015, ECF No. 8) ("Prior Opinion"). Presently before the Court is Petitioner's Motion for Reconsideration under Federal Rule of Civil Procedure 59(e), challenging the Court's denial of the Petition. (ECF No. 10) ("Motion"). For the reasons stated below, the Court denies the Motion.

**I.   FACTUAL BACKGROUND**

The Court recites only those facts relevant to this Opinion. Petitioner was convicted and sentenced by the State of New Jersey for aggravated sexual assault, sexual assault, endangering the welfare of a child, and criminal sexual contact on February 3, 2006, after a jury trial. (Pet. 2-3, ECF No. 1.) An appeal was filed challenging the conviction and sentence, and both were

affirmed on July 9, 2007. (*Id.* at 3.) Certification was denied by the New Jersey Supreme Court on October 4, 2007. (*Id.*)

Thereafter, on October 26, 2007, Petitioner filed for post-conviction relief ("PCR"). (*Id.* at 4.) Petitioner's request for PCR was denied on August 20, 2008. (*Id.*) An appeal from the PCR denial was filed out-of-time on June 10, 2009, (*id.* at 5), which lateness Petitioner claims was due to the failure of his counsel. The denial of PCR was affirmed on April 2, 2013, and the New Jersey Supreme Court denied certification on October 18, 2013. (*Id.* at 5-6.) On August 4, 2014, Petitioner filed the instant Petition.

This Court denied the Petition on the ground that it was time-barred. (Prior Op. 1.) Specifically, the Court held that Petitioner's 249-day delay in filing his PCR appeal, combined with his nine-and-one-half-month delay in filing the instant Petition after exhausting state remedies, rendered the Petition untimely. (*Id.* at 8.) The Court rejected Petitioner's argument that equitable tolling was warranted for the 249-day delay because the delay was attributable to his attorney, finding that (1) Petitioner had not established reasonable diligence warranting equitable tolling, and (2) Petitioner could have filed a *pro se* appeal independent of his attorney that would have tolled his statute of limitations. (*Id.* at 5-8.) Furthermore, the Court held that even without equitable tolling, Petitioner still had 116 days to file the instant Petition after exhausting state remedies, but he did not do so within that time. (*Id.* at 7-8.) The instant Motion ensued.

## II.    STANDARD OF REVIEW

The scope of a motion for reconsideration of a final judgment under Rule 59(e) is extremely limited. *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). It requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its initial decision. *Id.*; *see* L. Civ. R. 7.1(i) (governing motions for reconsideration).

To prevail on a motion for reconsideration under Rule 59(e), the movant must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.*; *see U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014). To prevail under the third prong, the movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." *Mitchell v. Twp. of Willingboro Municipality Gov't*, 913 F. Supp. 2d 62, 77-78 (D.N.J. 2012) (quotation and citation omitted). The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. *Id.* at 78.

### III. DISCUSSION

Petitioner does not contend in the Motion that there has been an intervening change in the controlling law since the Court's denial of the Petition, nor does Petitioner rely on any new evidence that was not available when the Court rendered the prior judgment. As such, the Court analyzes Petitioner's arguments solely under the third prong described above, the need to correct a clear error of law or fact or to prevent manifest injustice.

In the Motion, Petitioner challenges the Court's finding that Petitioner's 249-day delay in filing his PCR appeal was due to Petitioner's own decision to switch counsel, from a private attorney to the state public defender's office, after his PCR application was initially denied. (Prior Op. 5.) Petitioner argues that he did not change counsel. In fact, Petitioner asserts that due to his indigent status, the counsel provided to him for the initial PCR review was a pool attorney assigned by the state public defender's office, so at all relevant times, the state public defender's office was his attorney, and there was no change in attorney for the PCR appeal. (Motion 2-3.)

Even assuming this to be true, Petitioner fails to establish how the Court's ruling was in error. Importantly, Petitioner does not address the Court's findings that (1) Petitioner could have filed a *pro se* PCR appeal, which would have tolled the statute of limitations on his federal habeas petition,[1] and (2) Petitioner still had 116 days after exhausting state remedies to file the instant Petition, but did not do so within that time. Equitable tolling is only warranted under extraordinary circumstances that would have *prevented* a petitioner from filing a timely habeas petition. *Lozano v. Montoya Alvarez*, 134 S. Ct. 1224, 1232 (2014); *LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005). "[F]or a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013). "To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline." *Id.* at 803 n.29 (quoting *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011)). "The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Id.* (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

---

[1] Petitioner argues in the Motion that "the standard procedures within the Superior Court of New Jersey, Appellate Division, require that all submissions be made through appointed counsel and not from the defendant." (Motion 4.) Petitioner cites to no authority for this proposition, and the Court is not aware of any such rule for PCR appeals; indeed, the Court frequently deals with cases where petitioners either filed their own *pro se* PCR appeals, or made *pro se* supplemental fillings not through their appointed counsel. *See State v. Long*, 216 N.J. Super. 269, 276 (App. Div. 1987) ("We deem a blanket direction to the clerk that no *pro se* motions are to be filed where a defendant is represented by counsel to be unacceptable.").

Here, Petitioner's argument for equitable tolling essentially amounts to a claim of attorney abandonment. Nevertheless, "attorney malfeasance or non-feasance is typically not an 'extraordinary circumstance' which justifies equitable tolling." *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (citing *Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004)); *see Valerio v. United States*, No. 15-1906, 2015 WL 4086577, at *3 (D.N.J. July 6, 2015). Indeed, in *Schlueter*, the Third Circuit found that even an attorney's promise to file a PCR appeal, which promise he ultimately did not fulfill, was not an extraordinary circumstance entitled to equitable tolling when the petitioner knew that the appeal had not been filed. 384 F.3d at 76-77. In *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 241 (3d Cir. 1999), the Third Circuit recognized that under very limited circumstances, the conduct of a litigant's attorney could give rise to equitable tolling, but only if the attorney's conduct *prevented* the litigant from making a timely filing. For example, in *Seitzinger*, the court found that although the litigant was diligent and knew that her complaint had not been filed, she was nevertheless *prevented* from making a timely filing through other means because the attorney *lied* to her and told her that the complaint had already been filed. *Id.* After all, no litigant would attempt to make a filing to remedy her attorney's non-feasance if she was misled into believing that the attorney had already made the filing.

In the instant matter, Petitioner's argument falls short of the extraordinary circumstances exemplified in *Seitzinger*. Petitioner does not allege that his attorney lied to or misled him; Petitioner merely presents a factual scenario in which he was under the mistaken impression that his attorney would file the appeal, but later discovered prior to the filing deadline that his attorney would not. (*See* Prior Op. 7.) This more closely resembles the facts of *Schlueter*. Petitioner does not present any evidence showing that he was *prevented* from filing a *pro se* appeal when he knew,

5

prior to the deadline, that an appeal had not been filed, nor does Petitioner deny that he still had 116 days to file the instant Petition on time, after the exhaustion of state court remedies, notwithstanding the alleged extraordinary circumstance. The Third Circuit has found that equitable tolling was not warranted when a petitioner could have availed himself of either of those two remedies. *See Brown v. Shannon*, 322 F.3d 768, 773-74 (3d Cir. 2003) (finding that equitable tolling was not warranted because the petitioner could have filed a *pro se* notice of appeal in state court to toll his federal habeas statute of limitations); *Rinaldi v. Gillis*, 248 F. App'x 371, 381 (3d Cir. 2007) (finding that equitable tolling was not warranted for the alleged extraordinary circumstance that occurred in state PCR proceedings, when the petitioner still had one-and-one-half months to file a federal habeas petition after exhausting state remedies). As such, Petitioner fails to assert an extraordinary circumstance warranting equitable tolling and, therefore, Petitioner cannot establish that the Court's prior denial of the Petition as time-barred was in error. Accordingly, Court denies the Motion.

## IV. CONCLUSION

For the reasons set forth above, the Motion is DENIED.

_____
Michael A. Shipp, U.S.D.J.

Dated: 11/16/15